Dear Mr. Elliot:
Reference is made to your request for an opinion of this office regarding the collection of permit fees by the Liquified Petroleum Gas Commission pursuant to R.S. 40:1849(A), which provides, in pertinent part:
 "Every applicant for a permit shall, at the time of the issuance of the permit by the Liquified Petroleum Gas Commission and annually thereafter pay to the commission a permit fee which shall be fixed by the commission in an amount which shall not exceed four-tenths of one percent of the gross annual sales of liquified petroleum gas of such dealer or permit holder."
According to your correspondence, the Commission has traditionally collected 0.25% of gross annual sales of liquified petroleum gas (LPG), based on the dollar amount of sales. Your specific questions are:
 "Would the Louisiana Petroleum Gas Commission be now permitted to change the basis of their collections from dollars of sales to gallons of sales? If so, what vehicle (APA, legislation, fiat, etc.) should they use?
 "Would increasing their collection percentage from 0.25% to 0.4%, as authorized under the statute be considered as a tax?"
R.S. 40:1842, the definitions section preceding R.S.40:1849 does not include a definition of "gross annual sales", but comparable statutory language contained in R.S. 3:1351, et. seq. indicates that the legislature intended that "gross annual sales" refers to dollars, as opposed to gallons, of sales.
Acts 1972, No. 734, Section 2 provided for the transfer of all functions, programs and operations of the Anhydrous Ammonia Commission to the Liquified Petroleum Gas Commission. The structure, powers and duties of the Anhydrous Ammonia Commission are set forth in R.S. 3:1351, et. seq. R.S. 3:1356(A) is worded analogously to R.S. 40:1849(A), and states, in pertinent part:
 "Every dealer shall annually . . . pay to the Liquified Petroleum Gas Commission a permit renewal fee which shall consist of a basic fee of three hundred dollars plus a percentage fee of one half of one percent of the gross annual sales of anhydrous ammonia during the preceding permit year."(emphasis supplied)
The source provision of R.S. 3:1356 supports the position that "gross annual sales" should be determined on the basis of dollars of sales. As set forth in the Louisiana Revised Statutes of 1950, R.S. 3:1356 reads in part:
 "Every dealer shall . . . pay to the State of Louisiana, through the Department of Agriculture and Immigration, a permit fee of 1/4 of 1% of the gross annual sales of the dealer, as shown by the report filed with the state department of revenue for determining the occupational license tax due by the dealer."(emphasis supplied)
R.S. 47:341, Louisiana's Occupational License Tax provisions, particularly the charts contained therein, make it clear that the tax is calculated on the basis of dollars of gross annual sales.
Given the similar language and purposes of R.S. 40:1849(A) and R.S. 3:1356(A), it is our opinion that the legislature intended permit fees charged by the Liquified Petroleum Gas Commission to be calculated as a percentage of gross annual sales measured in dollars.
We also note that R.S. 40:1849(A) does not provide for a means by which the gallons sold could be converted to dollars for purposes of setting the amount of the permit fee which is a further indication that the legislature intended the permit fee to be based on dollars of sales. Also, the maximum fee is expressed in terms of a percentage of gross annual sales. In our opinion, the maximum can only be calculated based on gross annual dollars of sales, which also indicates that the legislature intended the fee to be calculated according to dollars of sales.
Since we believe R.S. 40:1849(A) requires the Commission's permit fee to be based on dollars, it is our opinion that a change to a calculation based on gallons would require legislative amendment to the statute.
The second issue raised by your request must be examined in light of the Louisiana Supreme Court's decision in Audubon Insurance Company v. Bernard, 434 So.2d 1072 (La. 1983), wherein a statutory increase in the amount charged insurers by the Louisiana Insurance Rating Commission was held to be a tax in violation of the Louisiana Constitution of 1974, as its purpose was to provide for retirement and other benefits for firemen, and not for the purpose of defraying the cost of insurance regulation. The Court held that if revenue is the primary purpose for an assessment and regulation is merely incidental or the assessment materially exceeds the cost of regulation, then the imposition is a tax. However, Audubon also stands for the proposition that ". . . if the imposition has not for its principle object the raising of revenue, but is merely incidental to the making of rules and regulations to promote public order, individual liberty, and general welfare", then the imposition is not a tax.
According to Mr. James Dixon of the Department of Public Safety and Corrections Legal Section, the Commission wishes to raise the permit fee to 0.4% of gross annual sales so that it can use the additional funds generated thereby to hire additional auditors to assist in the regulatory process. Mr. Dixon advised us that at the present rate of 0.25% of gross annual sales, the employment of additional auditors is not feasible.
It is our opinion that a fee increase which will be utilized by the Liquified Petroleum Gas Commission to hire additional auditors is an increase which is incidental to the regulatory process and not for the mere purpose of raising revenue. Therefore the increased permit fee will not constitute the imposition of a tax subject to constitutional prohibition.
The fee increase should be accomplished pursuant to the procedures set forth in the Administrative Procedures Act.
We trust this adequately responds to your inquiries. Should you need further assistance, please contact this office.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 125n